UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **SCOMA CHIROPRACTIC, P.A.** *Plaintiff* v. **NATIONAL SPINE AND PAIN CENTERS LLC; SPINE CENTER OF FLORIDA, LLC; AND PAIN MANAGEMENT CONSULTANTS OF SOUTHWEST FLORIDA, P.L.** *Defendants* | Civil Action No. 2:20-cv-00430-JLB-MRM |

**DEFENDANTS' UNOPPOSED MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendants National Spine and Pain Centers LLC, Spine Center of Florida, LLC, and Pain Management Consultants of Southwest Florida, P.L. (collectively, "NSPC") respectfully request that the Court grant NSPC leave to file certain confidential documents under seal and to file redacted copies of the exhibits on the public docket. These documents are exhibits to Plaintiff Scoma Chiropractic, P.A.'s ("Scoma") Motion for Class Certification (the "Motion"), filed on April 18, 2022 (D.E. 84.). Consistent with the Local Rules, Scoma notified NSPC of its intent to file these documents under seal, and temporarily filed placeholder slip-sheets in place of the documents in question. (D.E. 84-2.)

1

## STATEMENT OF FACTS

This is a putative class action under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. In support of its Motion, Scoma seeks to file certain of NSPC's confidential documents under seal, namely, internal NSPC correspondence discussing marketing and referral sources, and the deposition transcript of Dr. Eugene Mahaney, a medical doctor at NSPC.

The parties entered into an Agreed Qualified Protective order ("Protective Order") which was signed by the Court on February 12, 2021. (D.E. 52). Pursuant to the Protective Order, NSPC has produced certain confidential documents to Scoma, and those documents were so labeled. NSPC has also designated certain limited portions of the deposition transcripts from its employees and affiliates—specifically, portions of the deposition transcript of Dr. Eugene Mahaney—as confidential.

Pursuant to Local Rule 1.11, the documents sought to be filed under seal, **with redacted versions filed on the public docket**, (the "Confidential Documents") are:

- Limited portions of Internal Exhibit 3 to Exhibits 4 (Deposition of William Koleszar) and 5 (Deposition of Max Cohler) of the Motion (i.e., two identical documents), designated by NSPC as "Confidential" ;

- Limited portions of Exhibit 6 (Deposition of Dr. Eugene Mahaney) of the Motion, portions of which NSPC designated as "Confidential".

## MEMORANDUM OF LAW

### I. INTRODUCTION

In the Middle District of Florida, a party seeking to file under seal must first comply with the procedural requirements of the Middle District of Florida's Local Rules. Specifically, the party seeking to file under seal any paper in any civil case not authorized by a statute, pursuant to Local Rule 1.11(c), shall file and serve a motion for leave to file under seal with the following requirements:

> (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

M.D. Fla. L.R. 1.1(c).

### II. REQUIREMENTS OF LOCAL RULE 1.11(c)

Counsel for NSPC and Scoma conferred prior to Scoma's filing of the Motion regarding Scoma's intent to file the Confidential Documents, and Scoma's counsel represented that filing the Confidential Documents was necessary for its Motion. The sealing of the Confidential Documents is necessary because they contain

private and proprietary information related to NSPC, which outweighs the public's common law right of access to judicial records.

NSPC requests that the Court permit it to file redacted copies of the Confidential Documents for the public docket which will redact only minimal, sensitive information regarding the identities of NSPC's referral sources and the financial structure of NSPC's business. The Local Rules direct that the materials that NSPC seeks to seal must not be attached to this Motion; accordingly, NSPC will submit the proposed materials to be sealed, as well as proposed redacted copies, upon instructions from the Clerk or the Court.

Pursuant to the Protective Order, these documents should remain sealed 63 days after dismissal or entry of final judgment in this matter. NSPC's counsel is authorized to retrieve the confidential information at the following address:

> Matthew L. Knowles
> McDermott Will & Emery LLP
> 200 Clarendon Street
> Boston, MA 02116
> Ph: 617-353-4000
> Email: mknowles@mwe.com

### III. LEGAL AUTHORITY

In the Eleventh Circuit, the public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1245 (11th Cir. 2007). This right, however, may be overcome by a showing of good cause, which requires "balancing the public interest in accessing court documents against a party's interest in keeping the information confidential." *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 3896407, at *2 (M.D. Fla. Sept. 6, 2017).

Indeed, information exchanged by litigants between themselves during discovery may remain behind a veil of secrecy. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984); *Procaps S.A. v. Patheon Inc.*, 2013 WL 5928586, at *1 (S.D. Fla. 2013). Pragmatically, "much of discovery is conducted in private and much of the information exchange during discovery is only tangentially relevant to the actual issues in the litigation." *Procaps S.A.*, 2013 WL 5928586, at *1.

The decision whether to allow public access to court records is left to the "sound discretion of the trial court…to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Seattle Times Co.*, 467 U.S. at 36 (a district court may regulate access to sensitive materials to preserve its confidentiality by issuing a protective order pursuant to Rule 26(c)). "Generally speaking, the need to keep proprietary

business information confidential is often a sufficiently compelling justification for sealing judicial documents." *360 Mortgage Group, LLC v. Stonegate Mortgage Corp.*, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016); *see also Bayer Cropscience, Inc. v. Syngenta Crop. Prot., LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm by public disclosure"). As such, NSPC's "interests in the privacy of the information sought to be filed under seal outweighs the public right of access." *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 2212786, at *2 (M.D. Fla. May 17, 2017).

**The redactions here are extremely limited: just 4 words from the 10-page exhibit to the Koleszar/Cohler depositions, and just 59 words from the 49-page transcript of Dr. Mahaney's deposition.** These limited redactions are necessary to protect highly confidential details about the operations of NSPC, its financial structure, and its relationships with referral sources. On the other hand, the information to be redacted has no relevance or bearing on the litigation, and will not be the basis of the resolution of any issues in dispute in this case.

## CONCLUSION

For the foregoing the reasons, pursuant to Local Rule 1.11, NSPC respectfully requests that the Court permit the filing of the exhibits identified as (1) Internal Exhibit 3 to Exhibits 4 and 5 to the Motion, and (2) Exhibit 6 to the

Motion under seal, and permit NSPC to file redacted copies of the exhibits for the public docket.

## RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that counsel for NSPC has conferred with Plaintiff's counsel prior to filing this motion, and was advised that Plaintiff does not object to the requested relief.

Respectfully submitted,

Dated: May 2, 2022

**MCDERMOTT WILL & EMERY LLP**
By: */s/ Matthew L. Knowles*
Matthew L. Knowles (MA No. 678935)
(admitted *pro hac vice*)
Elizabeth A. Rodd (MA No. 706724)
(admitted *pro hac vice*)
200 Clarendon Street, Floor 58
Boston, MA  02116
Telephone:  (617) 535-3885
Email: mknowles@mwe.com
         erodd@mwe.com
Kamal H. Sleiman (FBN 105574)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
Telephone:  (305) 358-3500
Email:  ksleiman@mwe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on May 2, 2022, I electronically filed this brief with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: <u>*/s/ Matthew L. Knowles*</u>
Matthew L. Knowles