UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A.,

    Plaintiff,

v.                                                    Case No:   2:20-cv-430-JLB-NPM

NATIONAL SPINE AND PAIN
CENTERS LLC et al,

    Defendant.

## **ORDER**

Before the Court is Plaintiff Scoma Chiropractic, P.A.'s Motion for Reconsideration in which Scoma suggests that the Court failed to properly consider the e-mailed fax log evidence.  (Doc. 165).  Having reviewed both parties' strong briefing on the matter, (*see* Doc. 167, Doc. 170, Doc. 172), the Court **DENIES** the Motion for Reconsideration as Scoma has failed to establish any ground upon which its Motion for Reconsideration may be granted.

A motion for reconsideration may be granted based on three major grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Scoma has not alleged the existence of any intervening change in controlling law or the availability of new evidence, so the only ground upon which Scoma might plausibly base its Motion for Reconsideration is "(3) the need to correct clear error

or prevent manifest injustice." *Id.* No clear error or manifest injustice is, however, apparent on this record.

In ruling on Scoma's Motion for Summary Judgment, the Court considered the entire summary judgment record, including the e-mailed fax logs. As the Court noted in its Order on Scoma's Motion for Summary Judgment, however, there are flaws in the subpoenaed fax logs, which cast doubt upon whether the April 16, 2020 and April 21, 2020 faxes were successfully sent to Scoma by Defendants. (*See* Doc. 159 at 29–30). The Court explained, "while Scoma contends that the fax logs may be relied upon and the errors contained within may be ignored, for purposes of summary judgment, it is not the Court's place to assess the quality of the evidence." (*Id.* at 30 (citing *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008) ("[I]t [is] not for the district court to discount or disregard [evidence] at the summary judgment stage based on its assessment of the *quality* of the evidence."))).

Importantly, Defendants will not bear the burden of proof as to the issue of whether the faxes were successfully sent at trial, and thus, the Court will not require Defendants to do any more than "designate specific facts showing that there is a genuine issue for trial," which they have by pointing, with evidentiary support, to the possible errors in the subpoenaed fax logs. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 324 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

2

essential to that party's case, and on which that party will bear the burden of proof at trial.").

While the e-mailed fax logs certainly could constitute evidence in favor of Scoma's position that the faxes in question were successfully sent to Scoma, these logs fail to obviate the genuine disputes of material fact with respect to the accuracy of the subpoenaed logs, which a reasonable juror could view as showing that the April 16, 2020 and April 21, 2020 faxes were not successfully sent to Scoma. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). In sum, the Court disagrees with Scoma as to how the e-mailed fax logs should be interpreted for the purposes of summary judgment. Mere disagreement as to the interpretation of evidence is not a ground for reconsideration, however. *See Burger King*, 181 F. Supp. 2d at 1369.

In sum, Scoma has failed to establish that the Court's decision to not view the e-mailed fax logs evidence as eliminating, dispositively, the genuine disputes of material fact vis-à-vis the subpoenaed fax logs' accuracy was clear error or caused manifest injustice. As a result, Scoma has not established any of the grounds upon which its Motion for Reconsideration may be granted. *See Burger King*, 181 F. Supp. 2d at 1369. Accordingly, Scoma's Motion for Reconsideration (Doc. 165) is **DENIED**.

3

The Court is mindful of the great expense that the parties would face should this case proceed to trial. Given the present posture of this case, the Court encourages the parties to pursue settlement negotiations in lieu of further litigation. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (explaining that courts "favor and encourage settlements in order to conserve judicial resources").

The Court will notice a status conference by separate order to discuss whether Scoma desires to proceed with its jury trial demand.

**ORDERED** at Fort Myers, Florida on June 22, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE