UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, individually and
as the representative of a class of
similarly-situated persons,

   Plaintiffs,

v.              Case No: 2:20-cv-430-JLB-NPM

NATIONAL SPINE AND PAIN
CENTERS, LLC, a Delaware limited
liability company and PAIN
MANAGEMENT CONSULTANTS OF
SOUTHWEST FLORIDA, P.L.,
Florida limited liability companies,

   Defendant.

## ORDER ON STIPULATED BENCH TRIAL

This Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C), "junk fax" case began when Plaintiff Scoma Chiropractic, P.A. ("Scoma") alleged that it and a putative class were sent "unsolicited advertisements" via fax by Defendants National Spine and Pain Centers, LLC and Pain Management Consultants of Southwest Florida, P.L. (collectively "Defendants"). (Doc. 1 at ¶ 3). Over the course of three years of litigation, the Court issued orders which, among other things, denied Plaintiff's motion for class certification (Doc. 141), denied Defendants' First Amendment challenge to the TCPA (*id.* at 12), and granted, in

part, summary judgment in favor of Plaintiff (Doc. 159).[1] This Court proceeds with the parties' consent to conduct a bench trial on the papers on the remaining issues. (Doc. 180 at 1; Doc. 183; Doc. 185).

Specifically, the Court now considers whether faxes sent by Defendants to Scoma on April 16, 2020 and April 21, 2020 violated the TCPA. After careful review of: (1) the entire record before the Court; (2) the parties' Joint Stipulation of Facts Regarding Elements of Liability for Plaintiff's Individual TCPA Claims (Doc. 181); (3) the parties' trial briefs (Docs. 183, 185); and (4) the parties' proposed findings of fact and conclusions of law (Docs. 184, 186), the Court enters judgment in favor of Scoma. Namely, the Court holds that Scoma has demonstrated by a preponderance of the evidence that Defendants violated section 227(b)(1)(C) of the TCPA by sending unsolicited advertisements to Scoma on April 16, 2020 and April 21, 2020.

Turning to additional procedural matters germane to this Order, the Court noted at the July 20, 2023 status conference, and in its Order Regarding Bench Trial on the Papers, that the Court has fully considered the parties' legal arguments and recognizes that the parties are bringing forth previously rejected arguments to protect their appellate rights. (Doc. 180 at 2; Doc. 179 at 2). The Court maintains its prior rulings on these legal arguments, including its rejection of: (1) Plaintiff's

---

[1] The Court granted summary judgment in favor of Scoma as to two of the four faxes alleged by Scoma to violate the TCPA's junk-fax provision. (Doc. 159). Specifically, the Court granted summary judgment in favor of Scoma as to the April 2, 2020 and June 9, 2020 faxes. (*Id.* at 15, 29, 32). But the Court denied Scoma summary judgment as to the April 16, 2020 and April 21, 2020 faxes (*id.* at 32), which are the focus of this Order.

class action certification argument (*see* Doc. 84 (rejected in Doc. 141)); (2) Defendants' interpretation of the term "send" (*see, e.g.*, Doc. 149 (rejected in Doc. 159)); (3) Defendants' challenge to Scoma's Article III standing as to faxes that they assert Scoma did not receive (*see, e.g.*, Doc. 149 (rejected in Doc. 159)); (4) Defendants' argument that the junk-fax prohibition fails under the First Amendment (*see, e.g.*, Doc. 21 (rejected in Doc. 141)); and (5) Defendants' interpretation of the phrase "unsolicited advertisement." (*see, e.g.*, Doc. 21 (rejected in Doc. 53)).

Accordingly, the only remaining issue is whether the April 16, 2020 and April 21, 2020 faxes violated the TCPA. Pursuant to Federal Rule of Civil Procedure 52(a), the Court issues the following Findings of Fact and Conclusions of Law as to the two remaining faxes.

## **FINDINGS OF FACT**

Scoma is a chiropractic office that provides chiropractic care to its patients. (Doc. 182-20 at 21). NSPC provides human resources, finance, marketing, and information technology services to its affiliated physician practices. (Doc. 182-3 at 15, 17–18). PMC is a pain management provider affiliated with NSPC. (Doc. 182-19 at 7, 11–12, 25).

NSPC maintained an account with Interfax, a service through which users can send faxes. (Doc. 182-4 at 7–10; Doc. 182-3 at 22–23, 33). Sending faxes to providers was one of the techniques that the NSPC marketing team used to engage referral sources. (Doc. 182-3 at 22–35).

On April 2, 2020, Scoma received an unsolicited fax advertisement from NSPC. (Doc. 182-9; Doc. 144). The fax was related to scheduling in-office and telemedicine appointments for pain management. (Doc. 1-1 at 2). The receipt of this unsolicited fax prompted Scoma to file this lawsuit. (Doc. 1).

During the course of this litigation, Interfax produced a fax log indicating that Scoma had received three other faxes in addition to the April 2 fax. (Doc. 182-4 at 8, 14–16). These faxes appeared to be sent on April 16, 2020, April 21, 2020, and June 9, 2020. (Doc. 182-10; Doc. 182-11; Doc. 182-12).

As noted above, at the summary judgment stage, the Court granted summary judgment in favor of Scoma as to two of the four faxes, which Scoma contended were sent by Defendants in violation of the TCPA. (Doc. 159 at 32). This left two faxes in dispute: the April 16, 2020 fax and the April 21, 2020 fax.

On July 27, 2023, the parties filed a Joint Stipulation of Facts Regarding Elements of Liability for Plaintiff's Individual TCPA Claims. (Doc. 181). In that Joint Stipulation, the parties agreed, for purposes of this bench trial, that (1) Defendants sent the April 16 and April 21, 2020 faxes within the meaning of the Court's interpretation of "send," as set forth in section 227(b)(1)(C) the TCPA, and (2) the faxes were "unsolicited advertisements" as the Court construed that term. (*Id.* at 2–3).

## **CONCLUSIONS OF LAW**

The TCPA prohibits any person within the United States from "us[ing] any telephone facsimile machine, computer, or other device to send, to a telephone

facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The statute further provides that one appropriate remedy is "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B).

In its order on Scoma's Motion for Summary Judgment, the Court determined that "to send" means that "the facsimile be moved or conveyed from the originator's telephone facsimile machine, computer or other device to another's telephone facsimile machine." (Doc. 159 at 18). The parties have stipulated that "Defendants conveyed the Faxes from their telephone facsimile machine, computer, or other device to Plaintiff's telephone facsimile machine, and the Faxes were delivered for transmission within the meaning of the Court's order." (Doc. 181 at 2–3). Accordingly, the "us[ing] any telephone facsimile machine, computer, or other device to send to a telephone facsimile machine" portion of the prohibition outlined in section 227(b)(1)(C) has been met.

Further, in this Court's order on Defendants' Motion to Dismiss, the Court determined that the fax, which we know now to be the April 2, 2020 fax, could constitute an unsolicited advertisement within the meaning of section 227(b)(1)(C) if a reasonable trier of fact found that the fax "draws attention to Defendants' in-office and telemedicine services in order to persuade 'affiliated providers' to schedule appointments for 'their patients [who are] seeking treatment of acute and chronic pain.'" (Doc. 53 at 8). The parties have stipulated that "the Faxes were intended to draw attention to Defendants' in-office and telemedicine services to

5

persuade affiliated providers to schedule appointments for their patients who are seeking treatment of acute and chronic pain." (Doc. 181 at 3). Thus, the "unsolicited advertisement" element of section 227(b)(1)(C) has also been met.

Because the parties have stipulated—against the backdrop of this Court's prior interpretation of the TCPA—that Defendants "use[d] [a] telephone facsimile machine . . . to send, to [Scoma's] telephone facsimile machine, [ ] unsolicited advertisement[s]" (*see* Doc. 181 at 2–3)—namely, the April 16, 2020 and April 21, 2020 faxes—the Court finds as a matter of law that Defendants have violated the TCPA with respect to those faxes, and Scoma is entitled to the statutory damages of $500 for each of those faxes, totaling $1,000.[2]  *See* 47 U.S.C. §§ 227(b)(1)(C), (3)(B).

## CONCLUSION

The Court has carefully considered the parties' prior legal arguments set forth throughout this litigation, has re-reviewed all its associated prior Orders, and incorporates its prior rulings herein without any modifications.  Thus, for the foregoing reasons, the Court finds in favor of Scoma as to the April 16, 2020 and April 20, 2020 faxes and therefore holds that those two faxes sent by Defendants to Scoma violated the TCPA's prohibition on the transmission of junk faxes.  *See* 47

---

[2] The Court notes that the Parties jointly stipulated "that the Faxes were unsolicited, were not sent based on an established business relationship, and lacked the notice described in 47 U.S.C. § 227(b)(2)(D)." (Doc. 181 at 3–4). Simply stated, the parties stipulate that the faxes here did not fall within an exception to the TCPA's junk-fax provision.  The Court further notes that the parties stipulated that the faxes in question were not knowingly or willfully sent, such that they would trigger an increased penalty, as set forth in section 227(b)(3) of the TCPA. (*Id.* at 4); *see also* 47 U.S.C. § 227(b)(3).

U.S.C. § 227(b)(1)(C).  The Court thus awards Scoma $1,000 in statutory damages, $500 for each fax.  *Id.* § 227(c)(5)(B).  The Court further enters final judgment on its prior holding, where it granted summary judgment in favor of Scoma for the April 2, 2020 and June 9, 2020 faxes, and awards damages in the amount of $500 for each fax.  (Doc. 159 at 32.)  Thus, the Court hereby awards Scoma a **total award** of $2,000.

The Clerk of Court is **DIRECTED** to enter final judgment in favor of Scoma Chiropractic, P.A. and against National Spine and Pain Centers, LLC and Pain Management Consultants of Southwest Florida, P.L., and close this case.

**ORDERED** at Fort Myers, Florida on August 22, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

7